FILED

Jun 24 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 4:20-mj-70552-MAG |
| Plaintiff, | ) | |
| v. | ) | STIPULATION TO CONTINUE PRELIMINARY HEARING, EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT, AND WAIVE TIME UNDER RULE 5.1 & PROPOSED ORDER |
| Keenami Deshawn Maggard | ) | |
| Defendant. | ) | |

The parties stipulate as follows: (1) continue the preliminary hearing to **July 8, 2020** to facilitate ongoing discussions; (2) exclude time under the Speedy Trial Act from **June 24, 2020** to **July 8, 2020** because the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial (*See* 18 U.S.C. § 3161(h)(7)(A)); and (3) to waive time under Rule 5.1.

The parties also stipulate that the following factors apply:

- \_\_\_\_ Failure to grant a continuance would be likely to result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

- \_\_\_\_ The case is so unusual or so complex, due to [*check applicable reasons*] \_\_\_\_ the number of defendants, \_\_\_\_ the nature of the prosecution, or \_\_\_\_ the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by this section. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

- \_\_\_\_ Failure to grant a continuance would deny the defendant reasonable time to obtain counsel, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

- \_\_\_\_ Failure to grant a continuance would unreasonably deny the defendant continuity of counsel, given counsel's other scheduled case commitments, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

- **X** Failure to grant a continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

- **X** With the consent of the defendant, and taking into account the public interest in the prompt disposition of criminal cases, the court sets the preliminary hearing to the date set forth in the first paragraph and — based on the parties' showing of good cause — finds good cause for extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for an indictment under the Speedy Trial Act (based on the exclusions set forth above). *See* Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

**IT IS SO ORDERED.**

DATED: June 24, 2020

*[signature]*

Laurel Beeler
United States Magistrate Judge

**STIPULATED:** *Jerome Matthews*                    *Jonathan U. Lee*
Attorney for Defendant                    Assistant United States Attorney